IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KHALID AUSTIN MAHAMMEND,

   Plaintiff,

v.

SGT. NEAL, et al.,

   Defendants.

Civil Action No.:  MJM-23-1378

## **MEMORANDUM**

On September 28, 2023, Defendants Neal, Watts, and Olds filed a Motion to Dismiss for Failure to State a Claim in response to this civil rights complaint.  ECF No. 11.  Defendants assert that the claims raised by Plaintiff Khalid Austin Mahammend were previously litigated in this Court.  *See Mahammend v. Neal*, Civ. No. ELH-21-3114 (D. Md. July 22, 2022) (hereinafter "*Mahammend I*").  In that case, summary judgment was granted in favor of Defendants, making the instant case barred by res judicata.  *Id*., ECF Nos. 16 & 17.

The record is unclear as to whether Defendants' Motion to Dismiss and this Court's letter advising Mahammend of his right to file a response in opposition were actually received by Mahammend.  When this case was initiated, Mahammend was incarcerated at Maryland Correctional Institution-Jessup ("MCIJ") but was transferred on an unknown date to Eastern Correctional Institution ("ECI").  The certificate of service attached to Defendants' motion indicates that the motion was mailed to Mahammend at MCIJ, ECF No. 11, and the Clerk's notation on the docket indicates the letter advising Mahammend of his right to respond was also mailed to MCIJ, ECF no. 12.  The letter mailed to Mahammend at MCIJ was not returned as undeliverable; therefore, Mahammend presumably received it.

Regardless of whether Mahammend received Defendants' motion, this Court is obliged to screen all prisoner complaints. 28 U.S.C. §§ 1915(e), 1915A. Specifically, §§ 1915(e)(2)(B) and 1915A require this Court to conduct an initial screening, and to dismiss the complaint if it (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). Additionally, pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Corbitt v. Baltimore City Police Dep't*, --- F. Supp. 3d ----, Civ. No. RDB-20-3431, 2023 WL 3793997, at *5 (D. Md. June 2, 2023).

In *Mahammend I*, Plaintiff sued Sgt. Neal, Sgt. Morgan, Sgt. Emin, Sgt. Brisbon, Officer Olds, and Officer Alston, claiming that from October 23 to November 6, 2021, they did nothing as he told them that his hand was swollen and he was in pain following a fall from his bunk at Baltimore County Detention Center ("BCDC"). *Mahammend I*, ECF No. 1 at 1. Plaintiff contended that because these officers knew about the injury to his hand but failed to secure medical treatment for him, they violated his Fourteenth Amendment right to remain free from punishment as a pre-trial detainee. *See Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) ("[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause."); *Hill v. Nicodemus*, 979 F.2d 987, 990–91 (4th Cir. 1992) (due process clause of Fourteenth Amendment protects the rights of pre-trial detainees to receive adequate medical care).

The Court found that the defendants in *Mahammend I* were entitled to summary judgment based on the following analysis:

> None of the named defendants are medically trained professionals. Rather, they are correctional officers. Although plaintiff alleges that he told defendants that

> his hand hurt, he offers no evidence that these defendants were likely to recognize that plaintiff required emergency medical attention for his hand. In his opposition, plaintiff states that his hand was "super swollen" and is "still in a cast." ECF 15 at 1. But, plaintiff does not offer any objective evidence to support his conclusory allegation that because he told defendants that his hand hurt, they violated his constitutional rights when they did not immediately take him to the medical unit for evaluation.
>
> "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Center*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The Fourth Circuit has said: "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997*); see also Young v. City of Mount Ranier*, 238 F.3d 567, 575–76 (4th Cir. 2001) ("Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care.").
>
> It was not until plaintiff received two sets of x-rays and was evaluated by at least two medical care providers that the need for surgical repair of the plaintiff's hand was known. Plaintiff was transferred out of BCDC less than a week after the referral to an orthopedic surgeon was issued by St. Joseph Hospital. Given the circumstances of this case, defendants are entitled to summary judgment in their favor.

*Mahammend I*, ECF No. 16 at 23–24.

In the instant case, Plaintiff is suing Sgt. Neal, Gail Watts, and Sgt. Olds. With the exception of Gail Watts, the Defendants are the same as those named in *Mahammend I*. Plaintiff again alleges in the instant Complaint that he injured his hand when he fell off his bunk at BCDC, and that he informed Neal and Olds about the injury but they did not take him to medical for treatment. ECF No. 1 at 4–6. The Complaint contains no specific allegations regarding Gail Watts. *Id*.

Res judicata, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of res judicata, a final judgment on the merits in an earlier

3

decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). The doctrine precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986). Res judicata is established where there has been a final judgment on the merits in a prior suit, an identity of the cause of action in both the earlier and the later suit, and an identity of parties or their privies in the two suits. *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quoting *Jones v. SEC.*, 115 F.3d 1173, 1178 (4th Cir. 1997)). A claim is "identical" to the one in a prior dispute if the second suit "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (quoting *Pittson Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)) (internal quotation marks omitted). "[N]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Meekins*, 946 F.2d at 1057 (quoting *Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)).

Although res judicata must ordinarily be pleaded as an affirmative defense, a court may raise the defense on its own motion if it is "on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (2000); *accord Clodfelter v. Republic of Sudan*, 720 F.3d 199, 208–10 (4th Cir. 2013); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006). Such an action by the court is warranted based on one of the underlying purposes of res judicata, "avoidance of unnecessary judicial waste." *Arizona*, 530 U.S. at 412.

Here, the claims raised by Plaintiff in *Mahammend I* and the instant case are the same: an alleged constitutional violation for failure to provide medical care in a timely manner for the same hand injury. The allegations in the instant Complaint arise out of the same transaction or series of transactions as the allegations adjudicated in *Mahammend I*. In both cases, Plaintiff has alleged that the defendants acted with deliberate indifference regarding his injured hand between October and November 2021. The parties against whom the claims are raised are also substantially the same or are in privity. Because there has been a final judgment on the merits of Plaintiff's claim in *Mahammend I*, res judicata bars Plaintiff from re-asserting the same claim in the instant action.

The doctrine of collateral estoppel, or issue preclusion also applies to this case. Collateral estoppel applies if (l) the issue of law or fact presented in litigation is identical to one previously litigated; (2) the issue "was actually resolved in the prior proceeding;" (3) the issue "was critical and necessary to the judgment in the prior proceeding"; (4) the prior judgment is final and valid; and (5) the party "to be foreclosed by the prior resolution of the issue" had "a full and fair opportunity to litigate the issue" in the prior proceeding. *In re Microsoft*, 355 F.3d at 326. A court can consider collateral estoppel on its own motion under special circumstances that call for the efficient use of judicial resources. *See Doe v. Pfrommer*, 148 F.3d 72, 80 (2d Cir. 1998); *Eriline*, 440 F.3d at 655 (citing favorably *Pfrommer*'s ruling that collateral estoppel may be applied sua sponte). Thus, to the extent that Plaintiff's claim against defendant Gail Watts was not addressed in *Mahammend I*, the issue of whether Plaintiff's constitutional rights were violated by Defendants' failure to respond to his hand injury was litigated and found to be without merit.

Furthermore, Gail Watts, who was the warden at BCDC, cannot incur supervisory liability for the actions of correctional employees when those actions did not amount to a constitutional violation. Liability of supervisory officials "is not based on ordinary principles of respondeat

superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).  Absent misconduct by her subordinates, there is no basis for Gail Watts' liability.

      Accordingly, by separate Order, Defendants' motion shall be granted, and the Complaint shall be dismissed.

    ___3/11/24___                                              _____/S/_____
Date                                                                                  Matthew J. Maddox
                                                                                             United States District Judge